# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, </br></br>Plaintiff, </br></br>vs. </br></br>ENRIQUE ARAGON-HERNANDEZ, </br></br>Defendant. | No. 06mj243 </br></br>**DETENTION ORDER** |

This matter came on for detention hearing on August 21, 2006. Assistant U.S. Attorney Shawn Wehde appeared on behalf of the plaintiff (the "Government"). The defendant Enrique Aragon-Hernandez ("Aragon") appeared in person with his attorney, Shelley Horak. The Government offered the testimony of Iowa Division of Narcotics Enforcement Agent Ryan Moore.

The court must determine whether any condition or combination of conditions will reasonably assure Aragon's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of Aragon as required and the safety of the community if the court finds there is probable cause to believe Aragon committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq*. This presumption is subject to rebuttal by Aragon. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f)(1)(C). The probable cause

element of section 3142(e) that triggers the rebuttable presumption of risk of flight and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption. *See Apker*, 964 F.2d at 744; *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988).

In the present case, the Government's case against Aragon is very strong. Aragon participated in a controlled buy of a significant quantity of methamphetamine. On this record, the evidence further indicates he has been involved in dealing extremely large quantities of methamphetamine for the past year. An automatic handgun was found in a safe in Aragon's home, next to a loaded magazine.

It further appears Aragon travels to Mexico frequently and has significant ties to Mexico. Despite his ties to the Sioux City, Iowa, community, it appears he has both the means and the ability to travel to Mexico.

Aragon has failed to offer any evidence to rebut the presumption that he would be a danger to the community. The presumption arises from the charge itself – a serious drug charge involving the possession with intent to distribute a significant quantity of methamphetamine. *See United States v. Cox*, 635 F. Supp. 1047, 1055 (D. Kan. 1986) (citing *United States v. Fortna*, 769 F.2d 243, 247 (5th Cir. 1985). Viewing the record as a whole, the court finds nothing to indicate Aragon would be able to refrain from continuing to engage in criminal activities if he were released.

Accordingly, the court finds the Government has proved by a preponderance of the evidence that Aragon is a flight risk, and by clear and convincing evidence that Aragon would be a danger to the community if released. Therefore, the court finds the following:

1. Aragon is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Aragon reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Aragon to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a) Attach a copy of the release/detention order to the appeal;

    (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Aragon must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 21st day of August, 2006.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT